IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOAH W. STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 25-1397 (MN) |
| | ) |
| MCPL LAMBERT, SGT SCOTT | ) |
| SAUNDERS AND WILLIAM TEXTER, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington, this 25th day of November 2025,

On November 18, 2025, pro se Plaintiff initiated this action by filing a Complaint against officers of the Middletown Policy Department ("MPD") alleging violations of his First, Fourth and Fourteenth Amendment rights. (D.I. 1). Thereafter, on November 21, 2025, Plaintiff filed an Emergency Motion to Proceed Under Pseudonym (John Doe) and for Protective Order "due to real and ongoing risk of retaliation by Middletown PD." (D.I. 6). Plaintiff goes on to state an "on going pattern of malicious prosecution" (but does not indicate how he is being malicious prosecuted), that the Delaware Attorney General "confirmed no probable cause in writing" (but does not attach such correspondence), that there is an active civil rights investigation (but does not indicate who is being investigated), "fear of further police harassment or harm to me and my family" (but does not indicate what harassment or harm has already occurred and what future conduct he is fearful of), and that a law firm "aggressively demanded [his] new address and phone [number] then ghosted [him for] suspected intel-sharing with MPD." (*Id*.).

Although, as a general rule, "[a] plaintiff's use of a pseudonym runs afoul of the public's common law right of access to judicial proceedings," the Third Circuit has noted that in

"exceptional cases" plaintiffs may be permitted to do so where they "show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (citations and internal quotation marks omitted). When considering permitting plaintiffs to so proceed, the Third Circuit has instructed courts to consider a non-exhaustive list of factors. Factors favoring anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* at 409 (quoting *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997)).

Factors disfavoring anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* (quoting Provident Life, 176 F.R.D. at 467).

After considering the factors favoring anonymity and the factors disfavoring anonymity, the Court concludes that Plaintiff has not met the burden of showing "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." His conclusory allegations of potential retaliation, harassment or harm do not establish an exceptional case requiring deviation from the normal course.

THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Emergency Motion to Proceed Under Pseudonym (John Doe) and for Protective Order (D.I. 6) is DENIED.

_____
The Honorable Maryellen Noreika
United States District Judge