IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOAH W. STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-1397 (MN)(CJB) |
| | ) | |
| MCPL LAMBERT, SGT SCOTT | ) | |
| SAUNDERS AND WILLIAM TEXTER, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

At Wilmington, this 18th day of March 2026,

On November 18, 2025, pro se Plaintiff initiated this action by filing a Complaint against officers of the Middletown Policy Department ("MPD") alleging violations of his First, Fourth and Fourteenth Amendment rights. (D.I. 1). Thereafter, on November 21, 2025, Plaintiff filed an Emergency Motion to Proceed Under Pseudonym (John Doe) and for Protective Order "due to real and ongoing risk of retaliation by Middletown PD." (D.I. 6). The Court denied the motion. (D.I. 7).

On December 10, 2025, Plaintiff moved again to proceed under a pseudonym. (D.I. 9).[1] In that motion, Plaintiff purports to offer new evidence that he is subject to "(1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (citations and internal quotation marks omitted). The new assertions, however, are conclusory assertions (and unsupported by the exhibits attached to his motion).

---

[1]    By Order Oral Dated March 11, 2026, this case was referred to Magistrate Judge Christopher J. Burke to hear and resolve all matters up to and including the resolution of case dispositive motions. The pending motions (D.I. 8, 9) were not included in that referral.

When considering permitting plaintiffs to so proceed, the Third Circuit has instructed courts to consider a non-exhaustive list of factors.  Factors favoring anonymity include: (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.  *Id.* at 409 (quoting *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997)).  Factors disfavoring anonymity include: (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated . *Id.* (quoting *Provident Life*, 176 F.R.D. at 467).

After considering the factors favoring anonymity and the factors disfavoring anonymity, the Court concludes that Plaintiff has not met the burden of showing "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable."  His conclusory allegations of potential retaliation, harassment or harm do not establish an exceptional case requiring deviation from the normal course.

THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Renewed Motion to Proceed Under Pseudonym and for Protective Order (D.I. 9) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (D.I. 8) is DENIED.  A pro se litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.  *See Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  The district court, however, retains discretion to request appointed counsel for indigent civil litigants.  *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002).  As a threshold matter, the district court must determine that the plaintiff's claim has "arguable merit in fact and law."  *Tabron*, 6 F.3d at 155.  The Court has not yet screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and, therefore, it has not been determined if Plaintiff's claims have arguable merit in fact and law.  In other words, the Court has not decided whether Plaintiff's claims have passed the threshold inquiry.  Therefore, the motion will be denied without prejudice to renew, if appropriate, after the Court makes a determination as to the merits of Plaintiff's claims.

_____
The Honorable Maryellen Noreika
United States District Judge