**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| NOAH W. STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-1397-MN-CJB |
| | ) | |
| MCPL LAMBERT | ) | |
| SGT SCOTT SAUNDERS | ) | |
| WILLIAM TEXTER, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Noah W. Stewart ("Plaintiff") filed this civil action against three named

Middletown (Delaware) Police Department ("MPD") officers:  Master Corporal Lambert,

Sergeant Scott Saunders and Chief of Police William Texter (collectively, "Defendants").  (D.I.

2)  Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 5)

The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  For the

reasons set forth below, the Court recommends that this Complaint be dismissed without

prejudice.

**I.      BACKGROUND**

Plaintiff's Complaint here is short, yet hard to follow.  Therein, Plaintiff seems to allege

that Defendants took action that in some unspecified way violated his rights under the First,

Fourth and Fourteenth Amendments to the United States Constitution.  (D.I. 2 at 3)  Plaintiff

alleges that the date of the occurrence of the relevant acts was May 19, 2024.  (*Id*. at 4)  From

there, he asserts in the "Statement of Claim" section of the Complaint only that:  (1) Defendant

Saunders "is known for malicious prosecution, he purposely signed off on an illegal search"; and

(2) Defendant Lambert "used evidence from an illegal search to prosecute" him, failed to report

this to the Delaware Department of Motor Vehicles ("DDMV"), and avoided court dates.  (*Id.*)

Attached to the Complaint are three letters:  (1) a July 16, 2024 letter (the "July 16, 2024 letter")

from the DDMV to Plaintiff regarding a ticket issued to Plaintiff on May 19, 2024, which

appears to have had to do with a driving under the influence ("DUI") charge filed against

Plaintiff; (2) a March 9, 2022 letter from the MPD to a Ms. Nadine Stewart regarding her

complaint against an officer who is not a Defendant in this case; and (3) a July 15, 2024 letter

from the MPD to Plaintiff regarding a complaint that he filed regarding an incident that occurred

on June 28, 2024.  (D.I. 2-1)  The Complaint does not state how these letters support the claims.

Plaintiff requests monetary relief in the amount of $100,000.  (D.I. 2 at 7)

## II.     STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions

of 28 U.S.C. §§ 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from

such relief."  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (internal quotation marks and

citations omitted), *abrogated on other grounds*, *Talley v. Wetzel*, 15 F.4th 275 (3d Cir. 2021); *see

also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).  The Court must accept all factual

allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff.

*See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).  Because Plaintiff proceeds

*pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must

be held to less stringent standards than formal pleadings drafted by lawyers[.]"  *Erickson v.

Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v.

Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020).  Rather, a claim is deemed frivolous only where it

relies on an "indisputably meritless legal theory or a clearly baseless or fantastic or delusional factual scenario." *Id.* (internal quotation marks and citations omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on motions filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Determining whether a claim is

plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.   DISCUSSION

Even when liberally construed, Plaintiff's complaint fails to state any cognizable claim. As noted above, from what little is said in the Complaint, Plaintiff appears to contend that on or about May 19, 2024, Defendant Lambert wrongly used certain unspecified evidence from an "illegal search" which was "signed off on" by Defendant Saunders.  (D.I. 2 at 4)  And from the July 16, 2024 letter, the Court can glean that whatever is said to have occurred there, it may have something to do with Plaintiff's arrest on a DUI charge.  (D.I. 2-1 at 1)  But Plaintiff's bare assertions of an "illegal search" do not explain what was searched, when and how it was searched, and why any search was illegal.  In other words, Plaintiff fails to plausibly allege any wrongdoing by any of Defendants—that is, he fails to allege facts going to why anything any Defendant did was improper under federal law.  *Cf. Biggins v. Phelps,* C.A. No. 19-1084-MN, 2019 WL 5457427 at *6 (D. Del. Oct. 24, 2019).

Finally, although named as a Defendant, Defendant Texter is not discussed in the body of the Complaint at all.  (*See* D.I. 2).  For that reason as well, Plaintiff has not alleged sufficient personal involvement to state any cognizable claim as to him.  *See, e.g., Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (noting that liability under 42 U.S.C. § 1983 must be based on personal involvement, not on the doctrine of respondeat superior); *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (personal involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence").

The Court is unable to conclude at this point that amendment would be futile.  The Court thus recommends that the Complaint be dismissed without prejudice pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii).  In any amended pleading, Plaintiff should clearly indicate the claims that he is pursuing against each Defendant and set forth facts that plausibly support those claims.

**IV.     CONCLUSION**

For the foregoing reasons, the Court recommends that the Complaint, (D.I. 2), be dismissed without prejudice.  The Court further recommends that Plaintiff be given thirty (30) days from the date this Report and Recommendation is adopted to file an amended pleading.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  Parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2).  The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court.  *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

Parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated:  June 5, 2026

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

5