UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

Noah W. Stewart

Plaintiff,

VS.

MCPL Lambert and MSGT Saunders

Defendants,

Civil Action No. 1:25-cv-01397

PLAINTIFF'S EMERGENCY MOTION TO STAY SUBSEQUENT STATE COURT ACTIONS, FOR IMMEDIATE INJUNCTIVE PROTECTION, AND SUPPLEMENTAL NOTICE OF OUT-OF-COURT DURESS

Plaintiff, Pro Se, respectfully moves this court for an emergency order staying and freezing all state court proceedings under Case No. 26-5737 currently pending at the 2 Penns Way facility (JP court 11 / Leonard L. Williams Justice Center), pending the final resolution of the Plaintiff's active, screening-stage Amended Complaint in Civil Action No. 1:25-cv-01397

In support of this emergency motion Plaintiff submits the following Six supplemental factual points Three clear grounds for immediate federal injunctive intervention.

I.     SUPPLEMENTAL FACTUAL NOTICE & TIMELINE ANOMILIES

1. The April 28th 2026 timeline Synchronization:

Plaintiff reviewed the physical paperwork delivered by New Castle County Deputy Stone. The documents reveal a civil subrogation action initiated by Amica Mutual Insurance, represented by attorney Krista E. Shevlin, Esq., of the law firm Weber Gallagher (2 Penns Way, Suite 300, New Castle, DE 19720). The electronic timestamp on this filing is April 28th 2026—the exact date state actors issued a contradictory capias intended to execute an unconstitutional arrest trap against the Plaintiff. This timing proves they held the civil file for over two months, waiting to weaponize it until after Plaintiff survived dismissal by filing a robust Amended Complaint on June 9th 2026.

2. Institutional Co-Location and Jurisdictional Loop: Attorney Krista E. Shelvin's office is located at 2 Penns Way—the exact same building complex that houses Justice of The Peace Court 11, the specific tribunal that authorized MCPL Lambert's unconstitutional blood draw in 2024. The complete omission of the arresting officer's name from the face of the civil complaint is a calculated structural maneuver executed within this co-located facility to strip the filing of identifying data, evade federal

docket alerts, and insulate the primary state tortfeasor from immediate detection.

3. Falsification of service and backdating tactics:
   The alias summons explicitly claims that service was officially executed on July 1st 2026. However, the physical delivery by New Castle County Deputy Stone did not occur until Friday July 10th 2026, as captured irrefutably by Plaintiff's Ring Camera. This intentional 9-day backdating manipulation creates a false record of service designed to artificially expire the Plaintiff's response timeline and force a bad-faith default judgement.

4. Active deprivation of due process and DMV Roadblocks:
   As part of the broader retaliatory campaign detailed in the Amended Complaint, state actors have actively placed administrative blocks on Plaintiff's Division Of Motor Vehicles profiles stemming from the underlying May 19th 2024 incident. Plaintiff is completely prevented from updating records or renewing vehicle registrations. Operating a vehicle under these manufactured conditions risks immediate, targeted law enforcement stops for expired tags. To preserve physical safety and prevent further unconstitutional encounters with hostile police forces, Plaintiff is currently forced to abstain from driving, causing severe, escalating personal and financial duress.

5. Systematic bad faith and public defender collusion:

Plaintiff has refused direct contact with state actors regarding all matters due to widespread, documented institutional collusion. Within this local system, the Middletown Police Department comfortably inserts fabricated, unconstitutional charges into state files, while local public defenders routinely witness these patent civil rights violations but refuse to raise them on record, choosing instead to coerce litigants into bad-faith plea agreements to protect state actors.

6. Ongoing VOIP harassment Patterns:
Since November 2025 and following the filing of the Amended Complaint on June 9th 2026, Plaintiff began receiving targeted, harassing phone calls from untraceable VOIP numbers (under various names including Sander Ford, Jenn, and some not identifying themselves at all) making vague references to civil liabilities. It is now clear that these calls were an informal attempt to leverage this hidden Amica lawsuit to intimidate the Plaintiff before the resorted to deploying a county deputy with backdated paperwork on July 10th 2026. "These events are documented via ring camera and screenshots from VOIP calls. To protect privacy and explicit content from entering public record, these exhibits are withheld from public docket but remain preserved and available for immediate in camera (private) inspection upon the Courts request"

II.     GROUNDS FOR EMERGENCY FEDERAL INJUNCTIVE
        INTERVENTION

1. Immediate irreparable harm:
   As a direct result of multiagency campaign detailed
   above, Plaintiff's family remains under intense out-of-
   court duress. Furthermore, the nine-day backdating of
   service creates an active, immediate threat of an
   unconstitutional state-level default judgement that will
   cause irreparable financial ruin before this Court can
   complete screening of Civil Action No. 1:25-cv-01397.

   2.Multi-agency Bad-Faith and harassment:
   The deployment of New Castle County Field Deputy
   Stone to the Plaintiff's residence on July 10th 2026, exactly
   two days after the Plaintiff escalated formal
   administrative reports to the Governor and Lisa Dolph at
   the Court on the Judiciary requesting a petition for a
   venue change out of New Castle County— proves a
   continuous campaign of out-of-court intimidation tightly
   bound to Civil Action No. 1:25-cv-01397.

   3.. The Bad faith exception to federal abstention:
   While federal courts generally avoid interfering with
   ongoing state court matters, a federal court must
   intervene under the bad-faith exception when state
   processes are actively being weaponized to harass a
   federal civil rights Plaintiff. The synchronization of an

unconstitutional "capias return" court date and a private insurance filing on the exact same day (April 28th 2026) regarding a stale May 19th 2024 incident exposes a highly calculated abuse of process that cannot be remedied within a collusive local system.

WHEREFORE, Plaintiff respectfully requests that this Court issue an immediate order staying state-level civil action Case No. 26-5737, enjoining Attorney Krista E. Shelvin and Amica Mutual Insurance from pursuing a default judgement based on falsified July 1st service records, and granting any further emergency injunctive protections this Court deems as just in Civil Action No. 1:25-cv-01397

RESPECTFULLY SUBMITTED,

Noah W. Stewart   Dated: July 13th 2026
Plaintiff, Pro SE,
104 Faith Way Middletown DE, 19709
302-634-0072